ORDERED.

**Dated:  June 02, 2026**

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:  ) | |
| ) | Case No. 6:24-bk-01879-LVV |
| Martin Charles Flynn, Jr,  ) | Chapter 11 |
| ) | Subchapter V |
| Debtor.  ) | |
| ) | |
| ) | |
| 650 85TH, LLC, a Florida limited liability company, SHERWOOD CONSTRUCTION, INC., a Florida corporation, and MARTIN C. FLYNN, JR., individually.,  ) | Adv. No. 6:26-ap-00068-LVV |
| Plaintiff/Counter Defendant,  ) | |
| v.  ) | |
| PEDIXON, LLC.,  ) | |
| Defendant/Counter Plaintiff.  ) | |

**ORDER DIRECTING SETTLEMENT
CONFERENCE AND APPOINTING SETTLEMENT JUDGE**

THIS PROCEEDING came before the Court on May 27, 2026 for a status conference. After reviewing the pleadings and considering that the Parties potentially could resolve their dispute by settlement conference, and for the reasons stated in open court, it is

**ORDERED**:

1. Martin Charles Flynn, Jr., and Pedixon, LLC (collectively the "Parties") are directed to meet and confer as to possible resolution of all issues between the Parties ("Settlement Conference").

2. The subchapter V trustee, L. Todd Budgen, may voluntarily participate in the Settlement Conference.

3. The Settlement Conference is to occur at a mutually convenient time and administered consistent with Local Rule 9019-2.

4. The Honorable Roberta A. Colton, in her official capacity as a United States Bankruptcy Judge for the United States Bankruptcy Court for the Middle District of Florida, is appointed as settlement judge ("Settlement Judge").

5. The Settlement Judge is being appointed because of her judicial position, and to act in the specific capacity as, a United States Bankruptcy Judge. As such, the Settlement Judge performs judicial duties. *See e.g.* 28 U.S.C. § 651; Fed. R. Civ. P. 16(a)(5), (c)(2)(I); Code of Conduct for United States Judges, Canon 3(A)(4)(d). The Settlement Judge and all persons assisting the Settlement Judge shall have full, unqualified judicial immunity, including all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Settlement Judge's role as a settlement judge.

6. Parties are directed to furnish a statement of the dispute together with a copy of all relevant documents to the Settlement Judge at least two (2) days prior to the Settlement Conference, unless directed otherwise by the Settlement Judge. The statement shall not be filed with the Court.

7. Every party participating in the Settlement Conference is directed to send a representative with full settlement authority.

8. Parties are directed to attend the Settlement Conference in person or through the use

of video conferencing software (i.e. ZOOM), unless directed otherwise by the Settlement Judge.

9.      Following the conclusion of the Settlement Conference, the Court requests that the Settlement Judge file a written report identifying the parties in attendance and indicating whether any settlement was reached.

10.     The Settlement Conference must be completed by **July 20, 2026.**

Clerk to Serve.

3